IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-05103-GPG

WILLIAM ANTONIO MEMBRENO CASTILLO, A098 935 411,

Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center;
GEORGE VALDEZ, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement;
DAVID J. VENTURELLA, Senior Official, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of Homeland Security; and
TODD BLANCHE, Attorney General of the United States,

Respondents.

---

**TEMPORARY RESTRAINING ORDER AND**
**ORDER TO SHOW CAUSE**

---

Before the Court are the Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Petition) (D. 1) and Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Motion) (D. 2).[1]

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

[1] Petitioner also filed a Motion To Restrict Access to Exhibit I (Medical Records) under D.C.COLO.LCivR 7.2 (D. 3), but the three-day waiting period has not passed and there are no asserted exigent circumstances. *See* D.C.COLO.LCivR 7.2(d).

A court presented with an *ex parte* emergency request for a temporary restraining order (TRO) pursuant to Federal Rule of Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The basic purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm" before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). TROs are—by definition—temporary: a TRO issued on an *ex parte* basis lasts no more than 14 days (unless the issuing court extends it "for good cause . . . for a like period or the adverse party consents to a longer extension"). *See* Fed. R. Civ. P. 65(b)(2). Moreover, when a court issues an *ex parte* TRO, the adverse party may appear on two days' notice—or on shorter notice set by the court—and move to dissolve or modify the TRO. *See* Fed. R. Civ. P. 65(b)(4).

The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process).

In *Zadvydas v. Davis*, the United States Supreme Court held that the Immigration and Nationality Act (INA) does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. 678, 699 (2001). "After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody." *Id.* at 683 (citing

8 U.S.C. § 1231(a)(2)). Thereafter, detention is discretionary. *Id*. (citing 8 U.S.C. § 1231(a)(6)). After a "6–month period" of detention following an order of removal, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701.

After *Zadvydas*, the Attorney General promulgated regulations providing procedures and standards to "'continue detention of particular removable aliens on account of special circumstances even though there is no significant likelihood that the alien will be removed in the reasonably foreseeable future.'" *Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1242–43 (10th Cir. 2008) (quoting 8 C.F.R. § 241.14(a)).

Petitioner is a 48-year-old man who was granted withholding of removal to Nicaragua and released on an Order of Supervision (D. 1 at 1). Petitioner was re-detained and has been told that "ICE has no current plans on removing your client at this time" (*id*. at 2). Petitioner "has diabetes and hypertension[ and] has gone without adequate medical care in custody" (*id*.).

Petitioner seeks release from ongoing immigration detention (D. 1 at 13). Petitioner alleges that has been detained only since July 2026 (*id*. at 1) but challenges his detention on the basis that his detention is improper because it is not for the purposes of removal (*id*. at 12). It is unclear the basis under which Petitioner is detained because his order of removal was entered more than 6 years ago. The Court will order Respondents to show cause why Petitioner should not be released.

To protect the status quo, the Court also enters this TRO enjoining Respondents from removing Petitioner from the United States or transferring him out of Colorado. Accordingly, the Motion (D. 2) is GRANTED IN PART.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Defendants SHALL NOT REMOVE Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order. *See also Vizguerra-Ramirez v. Choate, et. al*, Case No. 1:25-cv-881, D. Colo., ECF No. 11 at 4-5 (collecting cases); F.T.C. v. Dean Foods Co., 384 U.S. 597, 603 (1966); *Local 1814, Int'l Longshoremen's Ass'n v. New York Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

To the extent they have not yet done so, Petitioner's counsel is directed to (1) serve Respondents with a copy of the Petition, Motion, and accompanying papers, along with a copy of this Order, by e-mail or by overnight mail to the U.S. Attorney's Office for the District of Colorado; and (2) promptly file proof of such service on the docket. Counsel for Defendants shall promptly enter notices of appearance, and, within fourteen days of service, Respondents are ORDERED TO SHOW CAUSE as to why the Petition and Motion should not be granted requiring Petitioner's release from custody, including addressing any basis that Petitioner should remain detained. *See Yassine v. Collins,* No. 1:25-cv-00786-ADA-SH, 2025 WL 1954064, at *1 (W.D. Tex. July 7, 2025) (explaining that while § 2243 refers to a three day deadline, this requirement is "subordinate to the district court's authority to set deadlines" itself, and granting respondents a fourteen day deadline to respond in order to "give [r]espondents adequate time to brief the issues" (quotations omitted)); *Cortes, v. Noem,* No. 1:25-CV-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025).

The Court expresses no view as to the merits of the Petition and Motion, to the extent not granted herein, and does not rule on any of the other relief Petitioner seeks, such as ordering his release (*see* D. 1 at 13–14).

DATED October 11, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge