IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-05103-GPG

WILLIAM ANTONIO MEMBRENO CASTILLO, A098 935 411,

Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Processing Center;
NATHAN RASPER,[1] Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement;
DAVID J. VENTURELLA, Senior Official, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of Homeland Security; and
TODD BLANCHE, Attorney General of the United States,

Respondents.

---

**ORDER**

---

Before the Court are the Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Petition) (D. 1) and Motion To Restrict Access to Exhibit I (Medical Records) under D.C.COLO.LCivR 7.2 (D. 3).

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

[1] Substituted pursuant to Federal Rule of Civil Procedure 25(d).

On October 11, 2026, the Court ordered respondents to show cause why the Petition should not be granted and Petitioner released from custody" (D. 13).

Respondents indicated they are:

> not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security.

(D. 7).

In view of Respondents' failure to oppose the Petition, which states a viable claim for unlawful detention, or provide a basis for denial, it is ORDERED that the Petition (D. 1) is GRANTED. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284)))

It is FURTHER ORDERED that Petitioner shall be released from custody within 48 hours. Respondents may not impose additional or more onerous conditions on Petitioner than those that have previously been found appropriate by an Immigration Judge. Respondents shall file a status report within five (5) days of this Order certifying compliance.

It is FURTHER ORDERED that Respondents are prohibited and enjoined from re-detaining Petitioner on the same grounds unless and until a final order of removal issues.

It is FURTHER ORDERED that the Motion To Restrict Access to Exhibit I (Medical Records) under D.C.COLO.LCivR 7.2 (D. 3) is GRANTED. D.C. Colo. L. Civ. R. 7.2(a) reflects the Court's general policy that "the public shall have access to all documents filed with the court." That local rule allows the court to restrict access to filings where: (i) "a clearly defined and serious injury would result if access is not restricted"; (ii) the private "interest to be protected [ ] outweighs the presumption of public access"; and (ii) alternatives to restriction, such as redaction or summarization, are not sufficient to protect the private interest. *See* Local Rule 7.2(c)(2)-(4). The Court is satisfied that Petitioner has demonstrated that its interest in restricting public access to the referenced materials outweighs the public interest in access because they are personal medical records without public significance. Petitioner's medical records (D. 1-2) shall remain as Level One Restricted.

DATED October 27, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge